UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES KEVIN FRAISER           CIVIL ACTION NO. 15-cv-0523

VERSUS           JUDGE FOOTE

ORLANDO BEENE, ET AL           MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

James Kevin Fraiser ("Plaintiff"), who is self represented, alleges that his probation officer wrongfully required him to register as a sex offender. Before the court is the probation officer's Motion for Summary Judgment (Doc. 25). It is recommended, for the reasons that follow, that the motion be granted in part and denied in part.

### Relevant Facts

Probation Officer Orlando Beene's motion is labeled as a motion for summary judgment, but it is not accompanied by any summary judgment evidence. A motion for summary judgment does not have to be supported by evidence, but a movant cannot meet his initial summary judgment burden with a mere conclusory assertion that the nonmovant has no evidence to support his case; the movant must point out that there is no evidence to support a specific element of the nonmovant's claim. Austin v. Kroger Texas, L.P., __ F.3d __, 2017 WL 1379453, *8 (5th Cir. 2017).

Beene's motion does not squarely attack Plaintiff's ability to produce evidence of any particular elements of his claim. It does not even make a conclusory challenge to Plaintiff's ability to prove the facts alleged. It merely argues that a claim is not stated under the facts asserted. The motion is in substance a motion to dismiss under Rule 12(b)(6), which requires the court to "accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). The court must then construe those facts in the light most favorable to the plaintiff. Villareal v. Wells Fargo Bank, N.A., 814 F.3d 763, 766 (5th Cir. 2016).

Plaintiff's complaint does not identify his original conviction, but Beene states in his statement of undisputed facts that Plaintiff was convicted of simple kidnaping in April 2013 in Webster Parish, and he was sentenced to five years, with all but six months suspended, and three years of probation. Plaintiff begins his complaint by stating that he was put on four years of probation (presumably referring to this same conviction) starting in June of 2013. These discrepancies are not important. What is important is that Beene admits that Plaintiff reported to Probation and Parole in June 2013, where he was assigned to Beene as his probation and parole officer.

Plaintiff alleges that Beene "decided to put as a stipulation to my probation, made me register as a single 'sex-offender,' starting in July of 2013." Plaintiff alleges, "I argued the case, but to no avail." Plaintiff, under protest, registered with the sheriffs of Bienville and Bossier Parishes.

In a document attached to an Amended Complaint (Doc. 12), Plaintiff states that he was a plumber in the Shreveport area for 25 years and a member of the local union, but the sex offender requirements limited him to working in areas where there would not be any children. This caused him to have to quit a plumbing job and thwarted his efforts to obtain other work.

Plaintiff alleges that he was arrested in January 2014 for not following the guidelines of a sex offender, and he was jailed for 45 days. Beene puts the arrest in February 2014 and says it was because Plaintiff moved without permission or notice and failed to complete registration as a sex offender.

Plaintiff alleges that he resorted to picking up scrap metal to earn income. Those efforts apparently led to another arrest. Plaintiff states in his complaint that he was arrested and convicted of attempted felony theft. Beene states in his motion that Plaintiff was arrested for simple burglary in April 2014, and his probation status was revoked in November 2014 because of that criminal conduct.

Documents attached to the original and amended complaints show that Plaintiff finally obtained help from the district manager for Beene's office. The manager wrote that Plaintiff, during his probation supervision, had been arrested for simple burglary in Caddo Parish and pleaded guilty to an amended charge of attempted felony theft. That led to an appearance before Judge Jeff Cox in Webster Parish for a probation revocation hearing, at which Plaintiff challenged his registration requirement.

The manager wrote: "I reviewed the registration requirement and found that you should not have been required to register and you have subsequently been removed from the Sex Offender Web site, and the requirement to register in the future." This apparently did not remove all signs of the registration. The Caddo sheriff later rejected Plaintiff's application for a work release program, citing his status as a sex offender. Karen Hoyle, Director of a Transitional Work Program, soon sent Plaintiff a memorandum that said she had spoken to the Office of Probation and Parole about the confusion over his registration issue. She stated that Probation and Parole "notified Bossier and Webster that you were not required to register but apparently they either did not notify State Police or State Police has not corrected the database." Hoyle wrote that she had contacted the Department of Corrections to ensure that it was aware that Plaintiff was not required to register, and she said screening was proceeding for Plaintiff's work release eligibility.

Plaintiff originally sought immediate release from custody, but he dropped that demand so as to avoid habeas/exhaustion issues. He does, however, seek compensatory damages. Plaintiff cites his loss of job, defamation of his character, emotional distress, and lost income as worthy of compensation.

**Official Capacity Claims**

Plaintiff's complaint names Orlando Beene as a defendant. The complaint does not specify whether Beene is being sued in his individual or official capacity. When a complaint is not clear about capacity, the "course of proceedings" will typically indicate the nature of liability sought to be imposed. Kentucky v. Graham, 105 S.Ct. 3099, 3106 n.14 (1985).

When individual officer is accused of violation of civil rights, and the plaintiff seeks compensatory damages, the course of the proceedings rather plainly indicate that the claims are against the officer in his individual or personal capacity. "Personal-capacity suits ... seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer v. Melo, 112 S.Ct. 358, 362 (1991).  The only reason to bring an official capacity claim is to seek injunctive relief against a state official under the Ex Parte Young doctrine when the state itself is immune from suit under the Eleventh Amendment.

It is fairly clear that Plaintiff is asserting his claim against Beene in his individual capacity, but Beene addresses a large part of his motion to the assertion that the complaint is lodged against him in his official capacity.  Beene contends that he cannot be liable for damages in his official capacity, given the Supreme Court's interpretation of 42 U.S.C. § 1983 and the effect of the Eleventh Amendment.[1]  To the extent that Plaintiff has asserted an official capacity claim (and the court does not see one) Beene is correct.

The court has noted before that state-employee defendants often include such boilerplate attacks on a non-existent official capacity claim.  The time spent on the strawman claims is wasted and could be better spent on issues of more substance.  Idel v. Edwards,

---

[1] A Section 1983 suit for money damages against a state official in his official capacity is not allowed. The official is not considered a person under the statute, Will v. Michigan Dept. of State Police, 109 S.Ct. 2304 (1989), and the suit is considered the same as a suit against the state itself so is barred by the Eleventh Amendment. Hafer v. Melo, 112 S.Ct. 358 (1991); Kentucky v. Graham, 105 S.Ct. 3099 (1985).

2015 WL 5794472, *10-11 (W.D. La. 2015). This is another such case. To the extent there are any official capacity claims asserted, it is recommended that they be dismissed.

**Allegation of a Constitutional Violation**

Beene devotes only two pages of his memorandum to a direct attack on the merits of the individual capacity claim under 42 U.S.C. § 1983. Beene characterizes the complaint as asserting a "state law negligence claim of wrongful registration as a sex offender" that fails to rise to the level of a constitutional violation. It is true that mere negligence does not violate the due process clause. Daniels v. Williams, 106 S.Ct. 662 (1986) (affirming dismissal of inmate's claim that he slipped on a pillow negligently left on the stairs by a deputy); Andrews v. Belt, 274 Fed. Appx. 359, 360 (5th Cir. 2008) ("Andrews's assertion that the defendant may have known about the leaky toilet but failed to repair it at most alleges negligence, which is not actionable under § 1983").

Plaintiff's complaint could perhaps be read to allege mere negligence in support of his Section 1983 claim, but its allegations must be interpreted most favorably to Plaintiff at the pleadings review stage. Plaintiff alleges that he argued with Beene that he should not have to register, but Beene required it nonetheless. Plaintiff's allegation could fairly be interpreted as asserting that Beene acted with intent, deliberate indifference, or other state of mind adequate to give rise to a constitutional violation. See Brown v. Montoya, 662 F.3d 1152, 1166-71 (10th Cir. 2011) (reversing grant of motion to dismiss filed by probation officer who wrongfully required prisoner to register as a sex offender). It is not necessary to delineate all theories of recovery that may or may not be available. Given Beene's limited

attack on the adequacy of the complaint, it suffices to say that Plaintiff has alleged facts which, if true, could plausibly establish a constitutional violation.

Beene also argues that dismissal is appropriate because Plaintiff's exhibits indicate that he has now been removed from the registry after a supervisor determined that he should not have been required to register. In addition, Beene contends that Plaintiff's probation was revoked for other criminal behavior, not failing to register. It remains, however, that Plaintiff has alleged that his wrongful registration requirement caused him great difficulty in obtaining and keeping employment and, even after the mistake had been noted, continued to make his life difficult because of the continuing notation in some records, albeit mistaken, that Plaintiff was a sex offender. The belated attempt of a supervisor to correct Beene's alleged wrong cannot wipe away the original act and any damages caused by it.

Accordingly,

**IT IS RECOMMENDED** that Orlando Beene's **Motion for Summary Judgment (Doc. 25)** be **granted in part** by dismissing all claims against Beene in his official capacity and **denied** in all other respects.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of June, 2017.

Mark L. Hornsby
U.S. Magistrate Judge