UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES KEVIN FRAISER                           CIVIL ACTION NO. 15-cv-0523

VERSUS                                        JUDGE FOOTE

ORLANDO BEENE, ET AL                          MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

James Kevin Fraiser ("Plaintiff"), who is self-represented, filed this civil action against his probation officer. Plaintiff alleges that his probation officer wrongfully required Plaintiff to register as a sex offender, which caused Plaintiff to suffer loss of employment opportunities and other damages. The case progressed to the filing of pretrial statements, but Plaintiff has not filed one. For the reasons that follow, it is recommended that Plaintiff's complaint be dismissed for failure to prosecute.

When Plaintiff filed his complaint, he provided an address for a Bossier Parish jail where he was then housed. The complaint form he used included a statement that: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed." A few months later, Plaintiff informed the court that he had changed his address to a different Bossier jail. Doc. 7. He later notified the court that he had changed his address to the Union Parish Detention Center. Doc. 9.

The court conducted an initial review of the complaint and issued an order (Doc. 13) that directed service of the complaint. The order concluded with a reminder that all parties have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address. The order warned that failure to do so "shall be considered grounds for dismissal or other appropriate sanctions." Plaintiff changed his address to one in Jamestown, Louisiana (Doc. 18). He later changed it for the final time to a P. O. Box in Shreveport. Doc. 27. That final change came in May 2017, and Plaintiff has not filed any change of address or any other submission since.

Defendants filed a motion for summary judgment. It was originally mailed to Plaintiff at his address in Jamestown, so the court issued an order that required service of the motion on Plaintiff at his most recent address. Plaintiff was granted an extension of time to file any opposition to the motion. Doc. 28. Plaintiff did not file any response. The undersigned issued a Report and Recommendation and recommended the motion be granted in part and denied in part. Plaintiff was afforded an opportunity to file any objections to the recommendation, but he did not file anything.

After Judge Foote adopted the recommendation, the undersigned issued a Memorandum Order (Doc. 33) that set deadlines for the filing of pretrial statements, which are a list of the exhibits and names of witnesses that each party intends to call. The order directed Plaintiff to file his pretrial statement by October 27, 2017. It warned: "Failure to file a pretrial statement may result in dismissal or other appropriate sanction."

None of the orders or other items that the court has mailed to Plaintiff at his last provided address have been returned by the postal service, so it is presumed that Plaintiff received those mailings, including the order that he file a pretrial statement. If Plaintiff did not receive the order, then the fault is his for not updating his address with the court. The October 27, 2017 deadline has passed, and Plaintiff has not filed a pretrial statement or anything else. The last communication from Plaintiff was his final change of address in May 2017.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute and pursuant to the court's inherent power to control its docket. The court may dismiss *sua sponte*, with or without notice to the parties, incident to its inherent powers. Rogers v. Kroger Company, 669 F.2d 317, 320–321 (5th Cir.1983); Link v. Wabash Railroad, 82 S.Ct. 1386, 1389-90 (1962).

The October 27, 2017 deadline for Plaintiff to file a pretrial statement has passed with no action of record by Plaintiff. The court provided ample time for Plaintiff to prepare and file the rather basic filing that is critical to the ability to prepare this case for trial. Proceeding further with this action without any meaningful participation from Plaintiff would be a waste of time and resources for both the court and the defendant. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances. If Plaintiff has good cause to excuse his failure to file a pretrial statement, he can present his arguments as objections to this recommendation.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of November, 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge